UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CURKLIN ATKINS                                CIVIL ACTION

VERSUS                                        NO. 06-1254

LEXINGTON INSURANCE CO., ET AL                SECTION "R"(1)

### ORDER

Plaintiff moves to remand this matter.  For the following reasons, the Court GRANTS plaintiff's motion.

I.   BACKGROUND

Plaintiff Curklin Atkins filed suit against Lexington Insurance Company and Martin Insurance Agency in Louisiana state court.  Atkins alleged that Hurricane Katrina damaged his property, which was covered by a hazard insurance policy issued by Lexington and sold through Martin.  Atkins further alleged that four months after he notified defendants of the damage to his property, Lexington had "failed and/or refused to respond to Plaintiff's numerous telephone requests for a hazard insurance

claim adjuster" to come to his property, document his claims, and provide him with a financial settlement. Atkins also alleged that Lexington failed to provide him with additional living expenses under his policy. Atkins alleged that Lexington's failures were in bad faith and constituted a breach of its duties to deal in good faith and to adjust his claims fairly and promptly. He asserted that Lexington was thus liable to him for damages, penalties and/or attorney's fees as a result of these breaches.

Atkins also brought a claim against Martin, alleging that it intentionally misrepresented to plaintiff that his claims against Lexington for damages under the policy would be "fairly and promptly settled," though Martin allegedly knew that Lexington did not have adequate staff or internal processes for a "fair and reasonable settlement" of his claims. He thus alleges that Martin is liable to him, jointly, severally, and *in solido* with Lexington.

Lexington removed, asserting that the amount in controversy at the time of removal exceeded $75,000 and that Martin was improperly joined to defeat diversity jurisdiction because plaintiff has no reasonable basis for recovery against Martin under Louisiana law. Atkins now moves to remand.

## II. LEGAL STANDARDS

### A. Removal

A defendant may generally remove a civil action filed in state court if the federal court has original jurisdiction over the action. *See* 28 U.S.C. § 1441(a). The removing party bears the burden of showing that federal jurisdiction exists. *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). In assessing whether removal was appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed. *See, e.g., Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *Neal v. Kawasaki Motors Corp.*, 1995 WL 419901, at *2 (E.D. La. 1995). Though the Court must remand the case to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction," the Court's jurisdiction is fixed as of the time of removal. 28 U.S.C. § 1447(c); *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 456 (5th Cir. 1996).

### B. Amount in Controversy

Plaintiff alleges that the amount in controversy requirement of 28 U.S.C. § 1332 is not satisfied, which would preclude federal jurisdiction even if Martin were improperly joined. The

Court thus must first examine whether the amount in controversy is sufficient to support federal jurisdiction. Because the Court finds that the amount in controversy requirement is not satisfied, it does not consider whether Martin is improperly joined.

Under Fifth Circuit law, a removing defendant's burden of showing that the amount in controversy is sufficient to support federal jurisdiction differs depending on whether the plaintiff's complaint alleges a specific amount of monetary damages. *See Allen*, 63 F.3d at 1335. When the plaintiff alleges a damage figure in excess of the required amount in controversy, "that amount controls if made in good faith." *Id.* (*citing St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)). If a plaintiff pleads damages less than the jurisdictional amount, this figure will also generally control, barring removal. *Allen*, 63 F.3d at 1335. "Thus, in the typical diversity case, the plaintiff is the master of his complaint." *Id*.

Here, however, plaintiff filed his complaint in Louisiana state court, and Louisiana law does not permit him to plead a specific amount of money damages. When, as here, a plaintiff alleges an indeterminate amount of damages, the Fifth Circuit requires the removing defendant to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.

*Simon v. Wal-Mart Stores*, 193 F.3d 848, 850 (5th Cir. 1999); *Allen*, 63 F. 3d at 1335; *see also De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).  A defendant satisfies this burden either by showing that it is facially apparent that the plaintiff's claims exceed the jurisdictional amount or by setting forth the facts in dispute supporting a finding that the jurisdictional amount is satisfied.  *Allen*, 63 F.3d at 1335.  The defendant must do more than point to a state law that might allow plaintiff to recover more than the jurisdictional minimum; the defendant must submit evidence that establishes that the actual amount in controversy exceeds $75,000.  *See De Aguilar*, 47 F.3d at 1412.  When the "facially apparent" test is not met, it is appropriate for the Court to consider summary-judgment-type evidence relevant to the amount in controversy as of the time of removal.  *Allen*, 63 F.3d at 1336.

## III. DISCUSSION

As of the date of removal, Atkins' state court complaint did not allege a specific amount of damages.  He did not claim that he was entitled to the full value of his policy, only that he was entitled to additional living expenses and a settlement of his claim for damage to his property.  Atkins specified some of the damage to his property in his complaint, though he did not

describe the severity of the damage or estimate the cost of repairs. He also alleged that Lexington failed to timely provide him living expenses despite "the availability of $136,000 for same" under his policy.

In its notice of removal, Lexington asserted that the amount in controversy requirement was met because Atkins sought "payment for damage to his property and additional living expenses under a policy of insurance which it is alleged provides at least $136,000 of coverage." Lexington thus rested its removal petition on an assertion as to the value of the underlying policy, though there is no indication from the complaint that Atkins sought to recover the full value of the policy.

In a claim based on recovery under an insurance policy, it is the value of the claim, not the value of the underlying policy, that determines the amount in controversy, unless the value of the claim exceeds the value of the policy. *Hartford Ins. Grp. v. Lou-Con Inc.*, 293 F.3d 908, 911 (5th Cir. 2002) (declaratory judgment action); *see also Sea Trek, Inc. v. Sunderland Marine Mut. Ins.* Co., 1995 WL 442062 at *1 (E.D. La. 1995) (calculating the amount in controversy based on receipts and affidavits as to actual damages suffered). Atkins did not assert that the amount of his claim approaches or exceeds the policy limits, thus his inclusion of the policy amount in the

complaint is not determinative of the amount in controversy.

Lexington further asserts that plaintiff's list of claimed damages to his residence "will involve the incurrence of substantial costs/expense," though it does not provide any evidence as to the possible cost of the claimed repairs.  Atkins claimed he was entitled to coverage from Lexington for items, such as roof damage to his living premises and detached garage; ceiling damage in several rooms; mold and mildew damage to carpets in several rooms; replacement of "entire lawn grass;" mold/mildew treatment of, or removal from, air conditioning ducts, floors, and outside walls; replacement of 22 foot custom curtains; replacement of his refrigerator and other appliances; and "such other damages that may be concealed."  In his complaint, Atkins claimed that Lexington had not yet responded to his requests for an adjuster or settled his claims.

Although plaintiff claims a variety of damages to his home and property in his complaint, it is not facially apparent that his claims are for more than $75,000, especially in the absence of any specific claims about the extent of the damage to his property.  For example, the cost of roof repair could vary widely depending on the damage, the type of roof, its size, and many other factors.  The same is true of the other types of damage that plaintiff claims.  The complaint also does not indicate the

likely cost of the additional living expenses Atkins claims.

Finally, Atkins claims penalties and attorney's fees under La. Rev. Stat. § 22:1220. Louisiana law allows recovery for attorney's fees and penalties when an insurer has been arbitrary or capricious in denying a claim. Under these circumstances, the Court is to consider claims for these items when it assesses the amount in controversy. *See, e.g., Poynot v. Hicks*, 2002 WL 31040174 at *3 (E.D. La. 2002). Under section 22:1220, an insurer that fails to pay a claim upon satisfactory proof of loss is subject to "penalties in an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater," if its failure was arbitrary and capricious. La. Rev. Stat. § 22:1220; *see Hannover Corp. of America v. State Farm Mutual Auto. Ins. Co.*, 67 F.3d 70, 75 (5th Cir. 1995) (holding that a plaintiff must show damages *arising from the breach* to recover any more than $5,000). Section 22:1220 requires proof of actual damages from the insurer's breach. Here, Atkins does not indicate in his complaint the amount of damages he sustained from Lexington's breach, if any.

Based on the facts alleged in Atkins' complaint, the Court finds that it is not facially apparent that the amount in controversy is greater than $75,000. Lexington has also not submitted any evidence indicating that Atkins' claims are for

more than $75,000.  After Atkins filed suit, but before Lexington removed, Lexington tendered a total of $38,898.57 to Atkins as compensation for the damages claimed under his policy.  Atkins rejected this offer as "totally inadequate and unacceptable." Neither party has presented evidence of any further offers or demands between them.  Atkins' rejection of Lexington's offer does not establish anything other than the fact that he feels he is entitled to more than the amount tendered.

With no evidence as to the extent of the damages to plaintiff's property apart from Lexington's tender offer and plaintiff's subsequent rejection, the Court finds that defendant has failed to meet its burden to prove by a preponderance of the evidence that the amount in controversy is greater than $75,000. Because the Court finds that the amount in controversy requirement is not satisfied, it need not consider whether Martin is improperly joined.

### III. CONCLUSION

For the foregoing reasons, the Court GRANTS plaintiff's motion to remand.

New Orleans, Louisiana, this __12th__ day of July, 2006.

_Sarah Vance_
SARAH S. VANCE
UNITED STATES DISTRICT COURT